UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOEY LAMAR McROYAL,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 2:24-cv-01565-GMN-EJY<br><br>**DISMISSAL ORDER** |

Petitioner Joey Lamar McRoyal, a pretrial detainee in federal custody, submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and paid his filing fee. (ECF Nos. 1 ("Petition"), 2.) Following an initial review of the Petition, this Court dismisses the Petition without prejudice.

**I.　BACKGROUND**

On June 20, 2023, in case number 2:23-cr-00113-CDS-NJK-2,[1] a federal grand jury returned an Indictment charging McRoyal with ten felonies: one count of conspiracy to distribute a controlled substance, eight counts of distribution of controlled substances, and three counts of possession of a controlled substance with intent to distribute. The following day, McRoyal was arrested in Los Angeles, California and six days later, McRoyal appeared before Chief Magistrate Judge Karen L. Stevenson in the Central District of California for a contested detention hearing. Following the hearing, the government's request for detention was granted. McRoyal later filed a Motion to Reopen Detention Hearing, but, on August 2, 2023, Magistrate Judge Elayna Youchah denied McRoyal's Motion. McRoyal filed a Motion for Review of the Magistrate Judge's

---

[1] This Court takes judicial notice of the docket in case number 2:23-cr-00113-CDS-NJK-2.

Detention Order, and District Judge Cristina Silva granted the request for review but denied the request for release. McRoyal has filed numerous other motions, including an unsuccessful Motion to Dismiss Fatally Defective Indictment as to Count One and an unsuccessful Motion for Release on Bail. McRoyal's trial is currently scheduled to commence on January 27, 2025.

In his Petition before this Court, McRoyal asks this Court "to revoke [his] detention order immediately and issue a new order/writ for immediate release and out right release from detention, for pre-trial release until trial, without any delay(s) or protective order." (ECF No. 1 at 9.) In his grounds for relief, McRoyal argues (1) the "indictment fails to state an offense in violation of [his] Fifth and Sixth Amendment rights" because "count one fails to include the essential elements" of the offense, and (2) his pre-trial detention has "hinder[ed his] due process to be able to prepare a defense and consult with attorney[s] more adequately to locate potential witness[es], conduct legal research and work to save money for representation on a potential appeal." (*Id*. at 8.) Regarding his second ground for relief, McRoyal argues that his "pre-trial detention order and subsequent review [was] bias[ed] due to the fact [the] Judge used [a] ruling from [a] Judge in California." (*Id*. at 3.)

## II.     DISCUSSION

This Court lacks jurisdiction to direct an equivalent federal district court judge to take any action in an ongoing, separate, criminal case assigned to that judge. McRoyal's claims about his indictment and pre-trial detention are issues for the judges assigned to his criminal matter, 2:23-cr-00113-CDS-NJK-2. Further, as a practical matter, this Court cannot, in a civil habeas proceeding, sit in judgment of the Court's decision in McRoyal's pending criminal case. For example, even if McRoyal prevailed in this case, the only remedy available would be an Order directing his custodian to disregard the Detention Orders of another judge in this Court, which

would put the custodian in the position of having to disobey one of the Court's two inconsistent Orders. The trial court judge in McRoyal's pending criminal case is in the best position to address his indictment and detention claims.

Because this Court is currently unable to provide McRoyal habeas relief at this time, this case must be dismissed without prejudice. Notably, regarding future habeas relief, this Court notes that, if convicted, McRoyal may seek to file a postconviction petition in the sentencing court under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) (stating that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence"). McRoyal may also seek relief under 28 U.S.C. § 2241 if necessary to challenge the manner, location, or conditions of carrying out his future sentence or putting his future sentence into effect.

### III.  CONCLUSION

It is therefore Ordered that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is dismissed without prejudice. A Certificate of Appealability is denied as jurists of reason would not find the dismissal of this action on these grounds to be debatable or wrong.

It is further Ordered that the Clerk of Court enter final Judgment dismissing this action without prejudice and close this case.

Dated:   September 3, 2024

_____
Gloria M. Navarro, Judge
United States District Court